UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-76

ERIC JABLONSKI, PLAINTIFF,

v. **OPINION AND ORDER**

KRAFT FOODS GLOBAL, INC.
and CHARLES ANSEL, DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiff's Motion to Remand (DE 7). For the following reasons, the motion will be DENIED.

### I. BACKGROUND.

This action involves an automobile collision that occurred in Pike County, Kentucky. Plaintiff Eric Jablonski alleges that Defendant Charles Ansel negligently operated a Freightliner, owned by Defendant Kraft Foods Global, Inc. and caused the collision in which Jablonksi was injured. The Plaintiff asserts claims against Ansel and Kraft.

The Complaint was filed in Pike Circuit Court. The Defendant Kraft removed the action to this Court asserting that this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (a)(1) which grants federal courts jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.

The Plaintiff moves to remand, arguing that removal was improper because Defendant Ansel did not join in or consent to removal.

### II. ANALYSIS.

"The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants *who have been served* or otherwise properly joined in the action must either join

in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999)(emphasis added). *See also Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516.

There is no dispute that Defendant Ansel did not join in or consent to removal. In its Notice of Removal, however, Kraft asserted that Ansel's consent to removal was not necessary because he had not been served at the time of removal. DE 1, Notice ¶ 2(c).

The notice of removal was filed on June 9, 2009. Both parties agree that Ansel was not served until June 11, 2009, which was the date that the Secretary of State's Return of Service was filed with the Pike Circuit Court indicating that Ansel's summons had been returned "unclaimed/unable to forward." *See* KRS § 188.030 ("Summons [against nonresident motorist] shall be deemed to be served on the return of the Secretary of State"). *See also* DE 7, Motion to Remand at 1 (stating service on Ansel was completed on June 11, 2009).

One of the exceptions to the general rule that all defendants must join in or consent to the removal petition is for the non-joining defendant who has not been served at the time the removal petition is filed. *Klein v. Manor Healthcare Corp.*, 1994 WL 91786 at * 3 n. 8 (6th Cir. March 22, 1994). There is no dispute that Ansel was not served until two days after the removal petition was filed. Accordingly, Ansel's consent to the removal was unnecessary.

For these reasons, the Court hereby ORDERS that the Motion to Remand (DE 7) is DENIED.

Dated this 12th day of November, 2009.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**